1  Steven R. Burlingham (counsel for service)
2  Cal. Bar No. 88544
   Gary, Till, Burlingham,
3  & Lynch Law Partnership
   1380 Lead Hill Blvd. Suite 200
4  Roseville, CA 95661
   Telephone: 916-900-1336
5

6  Milton L. Chappell (*pro hac vice* to be filed)
   D.C. Bar No. 936153
7  Jeffrey D. Jennings (*pro hac vice* to be filed)
   V.A. Bar No. 87667
8  c/o National Right to Work Legal Defense
   Foundation, Inc.
9  8001 Braddock Road, Suite 600
   Springfield, VA  22160
10 Telephone: (703) 321-8510

11
   *Counsel for Plaintiff and Proposed Class*
12

13                    UNITED STATES DISTRICT COURT
                  FOR THE EASTERN DISTRICT OF CALIFORNIA
14                          SACRAMENTO DIVISION

15

16 WILLIAM D. BRICE
                                         Civil Action No.:  2:18-cv-03106-MCE-EFB
17         Plaintiff,
                                         **PLAINTIFF'S**
18 v.                                    **NOTICE OF RELATED CASES**

19 CALIFORNIA FACULTY ASSOCIATION
20
21         Defendant.

22
              **PLAINTIFF'S NOTICE OF RELATED CASES**
23
         According to Local Rule 123, Plaintiff William D. Brice files this notice to alert the
24
25 Court to *Hernandez v. AFSCME California*, 2:18-cv-02419-WBS-EFB (E.D. Cal.) (Judge

26 William B. Shubb), *Aliser v. SEIU California*, 2:18-cv-02574-MCE-CKD (E.D. Cal.) (Judge

27 Morrison C. England, Jr.), *Cooley v. California State Law Enforcement Association*, 2:18-cv-

28

02961-JAM-AC (E.D. Cal.) (Judge John A. Mendez), and *Allen v. Santa Clara County Correctional Peace Officers Association*, 2:18-cv-02230-MCE-CKD (E.D. Cal.) (Judge Morrison C. England, Jr.), which are pending in this Court. These four cases are different from this case and Brice does not think they are related for purposes of Local Rule 123, but even if they were, it would make sense, if not required, *see* Local Rule 123(c), for Judge England to hear them all, including *Brice*, since he already has three of these five cases assigned to him.

First, *Hernandez* is not related. It challenges on First Amendment grounds the constitutionality of the same forced union fees provisions in the Higher Education Employee Relations Act that Brice challenges here. *See* Cal. Gov. Code § 3583.5. And like Brice, the plaintiffs in *Hernandez* seek a refund of union fees seized from their past wages. But *Hernandez* does not involve the "same parties" as this case because it presents claims against different unions (AFSCME California and AFSCME Local 3299 in *Hernandez* and California Faculty Association here). *See* Local 123(a)(1). *Hernandez* involves a class of a different group of employees (those AFSCME represents) than the class that Brice proposes here (those CFA represents). Local Rule 123(a)(2). Given the different bargaining units and unions involved, the operative facts are different so reassigning the case is not likely to result in a "substantial savings of judicial effort." *See* Local Rule 123(a)(3). Further, the plaintiffs in *Hernandez* raise an additional and different claim that the defendants there violated the First Amendment by not honoring their request to have union fees/dues deductions stopped after the U.S. Supreme Court's decision in *Janus v. AFSCME*, 138 S. Ct. 2448 (2018). Conversely, Brice's complaint alleges that Defendant CFA stopped collecting union fees from his pay after *Janus*. *See* Compl. ¶ 25, ECF No. 1. The plaintiffs in *Hernandez* also make the claim that they never would have joined a union had they been informed of their rights. Brice does not make that claim here. As a result, given the different unions involved, different bargaining units, and the different legal

claims in *Henandez* the risk is low that a "substantial duplication of labor" will occur if this case is not reassigned. *See* Local Rule 123(a)(4).

Second, even though *Aliser* involves some of the employees of the California State University and the forced fees provisions of HEERA, it is unrelated. *Aliser* involves different bargaining units at CSU (not the faculty unit involved here) and a different union (California State University Education Union). *Alsier* also raises the additional claims that the union violated the First Amendment when it continued to collect union fees after *Janus* and when it failed to inform employees of their rights not to join the union or pay it fees. Brice does not raise those claims here.

Third, although *Cooley* involves refunds of union fees paid before *Janus*, it is not related for purposes of Local Rule 123. *Cooley* involves a different union (California Statewide Law Enforcement Association) and a group of employees in a different bargaining unit (law enforcement personnel). The legal issues are also different in *Cooley* because the employee there does not challenge the constitutionality of HEERA like Brice does here. And the employee in *Cooley* raises two additional claims that Brice does not, i.e., that the union violated the First Amendment by deducting fees after the *Janus* decision and by not informing him of his rights to opt out of union membership and union fees.

Fourth, for similar reasons, the employees' claim in *Allen* that they are entitled to a refund of union fees is unrelated. *Allen* involves correctional officers, unlike the proposed class of CSU faculty here. *Allen* involves a different union. The correctional officers in *Allen* do not challenge HEERA's forced fee provisions. And the employees in *Allen* claim the union violated their constitutional rights by continuing to collect union fees from their wages after *Janus*. Brice does not raise that claim here.

Plaintiff Brice has filed this notice out of an abundance of caution in case others think his

case is related to any combination of *Hernandez*, *Aliser*, *Cooley*, and *Allen* for the purposes of Local Rule 123. For the reasons stated, he does not think so, but if he is wrong and they are related, *Hernandez* and *Cooley* should be reassigned to Judge England.

Dated: December 7, 2018                              Respectfully submitted,

/s/ Steven R. Burlingham
Steven R. Burlingham (counsel for service)
Cal. Bar No. 88544
Gary, Till, Burlingham,
& Lynch Law Partnership
1380 Lead Hill Blvd. Suite 200
Roseville, CA 95661
Telephone: 916-900-1336

Milton L. Chappell (pro hac vice to be filed)
D.C. Bar No. 936153
Jeffrey D. Jennings (pro hac vice to be filed)
V.A. Bar No. 87667
c/o National Right to Work
Legal Defense Foundation, Inc.
8001 Braddock Road, Suite 600
Springfield, VA  22160
Telephone: (703) 321-8510

*Counsel for Plaintiff and Proposed Class*

# CERTIFICATE OF SERVICE

I hereby certify that I will serve this Notice on the Defendant at the time the complaint and summons are served.

I further certify that on December 7, 2018, a copy of the foregoing Notice of Related Cases was filed electronically in this case and the related cases and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Steven R. Burlingham
Cal. Bar No. 88544 (counsel for service)
Gary, Till, Burlingham,
& Lynch Law Partnership
1380 Lead Hill Blvd. Suite 200
Roseville, CA 95661
Telephone: 916-900-1336